**1611-AC00938**

Electronically Filed - St Charles Circuit Div - February 15, 2016 - 11:38 AM

IN THE CIRCUIT COURT
SAINT CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **JAMES MAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **BLUESTEM BRANDS, INC.** ) | |
| ) | |
| D/B/A ) | |
| ) | |
| **FINGERHUT** ) | |
| ) | |
| Serve at: ) | |
| 6509 Flying Cloud Drv ) | |
| Eden Prairie, MN 55344 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

### PETITION

COMES NOW, Plaintiff, James May, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2. This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

3. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - February 15, 2016 - 11:38 AM

Plaintiff at Plaintiff's phone located in St. Charles County, Missouri.

5. This Court has jurisdiction of the claim of invasion of privacy because the conduct giving rise to the claim occurred in St. Charles County, Missouri.

## PARTIES

6. Plaintiff is a natural person currently residing in St. Charles County, Missouri.

7. Defendant is a foreign corporation with its principal place of business in Eden Prairie, MN.

### *Telephone Consumer Protection Act*

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

9. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

10. Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

11. Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

12. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - February 15, 2016 - 11:38 AM

*Invasion of Privacy*

14. The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

## FACTS

15. Within one year immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA.

16. Plaintiff never gave his express written consent to be called on his cellular telephone by automatic dialed telephone calls or prerecorded messages.

17. Specifically, Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

18. On or about November 12, 2015, Plaintiff called Defendant and explicitly revoked any permission or consent Defendant may have ever had to call his cellular telephone number

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - February 15, 2016 - 11:38 AM

(XXX) XXX-2596 and instructed Defendant to never call his cellular telephone ever again.

*Violations of the TCPA*

19. Defendant never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone.

20. Furthermore, on November 12, 2015, Plaintiff explicitly revoked any permission or consent Defendant may have ever had to call his cellular telephone number (XXX) XXX-6514 and instructed Defendant to never call his cellular telephone ever again.

21. After November 12, 2015, Defendant made numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (XXX) XXX-2596, using an automatic telephone dialing system and pre-recorded messages.

22. Specifically, Plaintiff received at least five such illicit pre-recorded and/or synthesized phone calls or voice messages from Defendants' automatic telephone dialing system dating from November 12, 2015 to February 11, 2016.

23. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

24. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

25. At least five automated telephone dialing system calls were made to Plaintiff's cellular phone and he was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**EXHIBIT A**

*Invasion of Privacy – Intrusion Upon Seclusion*

26. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt from Plaintiff by calling Plaintiff's cellular telephone after being told to stop, and thereby invaded Plaintiff's right to privacy.

27. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

28. The conduct of Defendant in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant that occurred in a way that would be highly offensive to a reasonable person in that position.

29. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

## COUNT I: VIOLATION OF THE TCPA

30. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

31. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

   a. Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC § 227(b) (1) (A) (iii).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC § 227(b)(3); and

D. For such other relief as the Court may deem just and proper.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - February 15, 2016 - 11:38 AM

Electronically Filed - St Charles Circuit Div - February 15, 2016 - 11:38 AM

## COUNT II: INVASION OF PRIVACY – INTRUSION UPON SECLUSION

32. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

33. The aforementioned intrusion upon seclusion by Defendant was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for:

A. Actual damages;

B. Punitive damages;

C. Court costs;

D. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello Law, LLC

/s/ Dominic Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
5988 Mid Rivers Mall Dr., Suite 114
St. Charles, MO  63304
(636) 541-7673
(636) 441-6881 facsimile
dominic@pontellolaw.com

**EXHIBIT A**

**1611-AC00938**

Electronically Filed - St Charles Circuit Div - February 15, 2016 - 11:38 AM

IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **JAMES MAY,** | ) |
| Plaintiff, | ) |
| v. | ) Cause No. |
| **BLUESTEM BRANDS, INC.** | ) |
| D/B/A | ) |
| **FINGERHUT** | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

METRO LEGAL SERVICES, BOB YATES
330 2ND AVENUE SOUTH, SUITE 150
MINNEAPOLIS, MN 55401-2217
PHONE: (612) 332-0202

Natural persons of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
BLUESTEM BRANDS, INC.
6509 Flying Cloud Drv
Eden Prairie, MN 55344

All Risks to Plaintiff
So Appointed:

Date: _ALL RISKS TO PLAINTIFF_
       SO APPOINTED:
By: _/S/  JUDY ZERR_ 12:39 pm, Feb 18, 2016

Pontello Law, LLC
  /s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
5988 Mid Rivers Mall Dr., Suite 114
St. Charles, MO  63304
(636) 541-7673
(636) 441-6881 facsimile

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - March 14, 2016 - 11:42 AM



IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>NORMAN C STEIMEL III | Case Number: 1611-AC00938 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES MAY | Plaintiff's/Petitioner's Attorney/Address:<br>DOMINIC M PONTELLO<br>PONTELLO LAW LLC<br>5988 MID RIVERS MALL DR<br>SUITE 114<br>SAINT CHARLES, MO  63304<br>(636) 541-7673 |
| vs. | |
| Defendant/Respondent:<br>BLUESTEM BRANDS, INC<br>DBA:   FINGERHUT | Date, Time and Location of Court Appearance:<br>**22-APR-2016, 09:00 AM**<br>**DIVISION 10 COURTROOM** |
| Nature of Suit:<br>AC Other Tort | **300 N 2nd STREET**<br>**SAINT CHARLES, MO  63301** |

(Date File Stamp)

### Associate Division Summons

**The State of Missouri to**:   BLUESTEM BRANDS, INC
                                 Alias:
                                 DBA:   FINGERHUT

**6509 FLYING CLOUD DRV**
**EDEN PRARIE, MN  55344**

*COURT SEAL OF*

    You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.  You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo.  Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.
    If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____2/18/2016_____     _____/S/ Judy Zerr_____
                Date                                          Clerk

*ST. CHARLES COUNTY*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
    I certify that I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name ) _____ (title).
    ☒ other DEFENDANT SERVED - PLEASE SEE ATTACHED AFFIDAVIT_____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____         _____
    Printed Name of Sheriff or Server                       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)    Subscribed and sworn to before me on _____ (date).
          My commission expires: _____     _____
                                      Date                        Notary Public

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $   10.00
Mileage                          $_____  (_____ miles @ $._____ per mile)
**Total**                        $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - March 14, 2016 - 11:42 AM

| | |
|---|---|
| JAMES MAY,<br>VS.                                Plaintiff,<br>BLUESTEM BRANDS, INC. D/B/A<br>FINGERHUT,<br>                                  Defendant, | AFFIDAVIT OF SERVICE<br><br>File No.     1611-AC00938 |

### METRO LEGAL SERVICES

Bob Yates, being duly sworn, on oath says:

that on February 29, 2016, at 9:05 AM he served the attached:

Summons; and Petition upon:

Bluestem Brands, Inc. d/b/a Fingerhut, therein named, personally at:

6509 Flying Cloud Drive, Eden Prairie, County of Hennepin, State of Minnesota, by handing to and leaving with Tom Mitchell, Senior Counsel, an authorized agent for said Bluestem Brands, Inc. d/b/a Fingerhut, a true and correct copy thereof.

_____
Bob Yates

Subscribed and sworn to before me on

___2-29_____ , 2016

___Mark A Miller_____

MARK A. MILLER
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2020

*2059026 - 1*

RE: May v. Bluestem Brands

**EXHIBIT A**